George **GARNER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 54184.

Court of Criminal Appeals of Texas.

Oct. 5, 1977.

Phillip D. Hardberger, San Antonio, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for a violation of Proclamation No. E–18 of the Parks and Wildlife Commission.[1] The appellant was found guilty of the offense in a Justice of the Peace Court, and upon appeal by trial de novo to the County Court of Zavala County the trial judge found the appellant guilty and assessed a fine of $125.00.

Appellant's sole contention is that Proclamation No. E–18 is void as unconstitutional. We need not address appellant's contention since we hold that the complaint is fundamentally defective and reverse. See Article 40.09(13), Vernon's Ann.C.C.P.

The appellant was arrested on November 23, 1975, for hunting on the Nueces River bed. The appellant admitted the commission of the offense, but has consistently urged the unconstitutionality of the proclamation as his defense.

Section 1.07 of Proclamation E–18 states in part:[2]

---

1. The South Central Texas Hunting, Fishing, and Trapping Proclamation No. E–18 was enacted under the authority of Article 978 J–1, Section 2. Cf. Section 61.054, V.T.C.A., Parks and Wildlife Code. Section 12.01 of the proclamation provided that the penalty for violation

of the proclamation was a fine of not less than twenty-five nor more than two hundred dollars.

2. As stated in note 1, supra, this proclamation was enacted under Article 978 J–1, Section 2. Article 978 J–1 et seq. was referred to as the Uniform Wildlife Regulatory Act. See Acts

"Open seasons are given by their opening and closing dates and include all days between such opening and closing dates. There is no open season on game animals, game birds or fur-bearing animals on State game preserves, statutory wildlife sanctuaries, United States wildlife sanctuaries, within the corporate limits of any city and on public roads and highways and rights of way while such roads are under construction, and in State-owned river beds in Uvalde, Dimmit and Zavala Counties including, but not limited to, the Nueces and Frio Rivers."

Thus, the elements of the relevant portion of Section 1.07 are as follows:

1) No open season for
   a) game animals,
   b) game birds, or
   c) fur-bearing animals,
2) on (or in or within)
   a) State game preserves,
   b) statutory wildlife sanctuaries,
   c) United States wildlife sanctuaries,
   d) the corporate limits of any city,
   e) public roads and highways and rights-of-way of such public roads and highways while such roads are under construction, or
   f) State-owned river beds in Uvalde, Dimmit and Zavala Counties, including but not limited to, the Nueces and Frio Rivers.

The complaint, omitting the formal parts, states that the appellant:

". . . did then and there unlawfully hunting in a closed season to wit: the Nueces."

1967, 60th Leg., p. 1959, Ch. 730. As of September 1, 1975, the Uniform Wildlife Regulatory Act was amended and is presently Ch. 61, Sections 61.001 *et seq.*, V.T.C.A., Parks & Wildlife. Since the offense occurred after the amendment of the Act, it is not clear whether the proclamation in question was impliedly repealed as of September 1, 1975. Section 61.004 appears to address this problem. Moreover, Acts 1975, 64th Leg., p. 1805, Ch. 545, Sec. 3, states that the Act ". . . is intended as a recodification only, and no substantive change in the law is intended. . . ." We shall therefore assume, without deciding, that Proclamation No. E–18 was still in force on November 23, 1975. It should be noted, however, that

It is obvious that the complaint totally fails to allege what the appellant was hunting. Moreover, the word Nueces is by itself insufficient to allege where the appellant was hunting. Therefore, the State's confession of error is well founded. The absence of what and where the appellant was illegally hunting renders the complaint fatally defective. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App. 1974).

The conviction is reversed and the prosecution under this complaint is dismissed.

Proclamation No. E–18 has been superceded by the Statewide Hunting, Fishing and Trapping Proclamation No. A–5, 1977–78, adopted by the Texas Parks and Wildlife Commission on April 15, 1977. Part I, Section .008 of Proclamation No. A–5 includes an absolute prohibition on the hunting of game animals, game birds, or fur-bearing animals in State-owned river beds in Uvalde, Dimmit and Zavala Counties including but not limited to the Nueces and Frio Rivers. Pursuant to Section 61.202, public notice of this proclamation was given and the Commissioners Courts of Uvalde and Dimmit Counties have approved the proclamation. The Commissioners Court of Zavala County disapproved Section .008 of the proclamation.