**Karen Sue TALLANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–83–212–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 21, 1983.

Rehearing Denied Oct. 19, 1983.

Edgar A. Mason, Dallas, for appellant.

Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for the State.

Before FENDER, C.J., and JORDAN and ASHWORTH, JJ.

## OPINION

ASHWORTH, Justice.

A jury found Karen Sue Tallant guilty of the offense of aggravated rape of a child younger than fourteen years, and sentenced her to 99 years confinement.

Judgment affirmed.

In order to consider appellant's nine grounds of error, a brief recitation of the evidence is appropriate. Appellant is the natural mother of the twelve year old complainant, D.M.M. Appellant and the child's natural father were divorced several years ago and appellant then married Trevor Tallant. Appellant had custody of D.M.M. and her younger sister.

When D.M.M. was ten years of age, appellant bathed her, clothed her in a bathrobe, and sent her to the stepfather's bedroom. She was told by appellant to cooperate with the stepfather. From that time on, the child was regularly subjected to rapes and other sexual offenses by the stepfather. On many occasions, appellant would apply makeup to the child and nude pictures of the child would be taken by the stepfather. At the time of appellant's arrest, 1,036 such pictures were found in the apartment of appellant and Trevor Tallant.

When the child protested about the practices, she was told that if she did not submit to the stepfather that the mafia would kill her. In January, 1982, the child was told by appellant that the child needed to go to Mexico and marry the stepfather; the appellant would then report the stepfather to be a bigamist, he would be arrested, and the child would not have to sleep with him again. They went to Mexico and the child testified that while there she was told to sign a paper on a darkened stairway and did so.

When they returned from Mexico, appellant told the child that appellant had divorced the stepfather while they were in Mexico; that the child was now the wife of the stepfather and would have to have sex with him. The child complied, but the next day she telephoned her natural father and advised him of the circumstances. The authorities were notified and the child was given a medical examination which revealed spermatozoa in her vagina. Based on information she gave, an arrest and search warrant was issued; appellant was arrested and the nude pictures taken into custody.

Appellant's first ground of error contends the trial court erred in overruling her motion to suppress evidence (the nude pictures of the child). Prior to the trial, a motion was filed to suppress the admittance of such pictures into evidence on the ground that there was nothing in the affidavit or warrant to show that the informant had seen the pictures at that address, or that they were in the possession and custody of the appellant and the stepfather on the date the warrant was issued and served.

In evaluating the affidavit, we note that it is given by a police officer who works with juveniles in the Criminal Investigation Division, Youth Section. Information from a named juvenile is that the child has been the victim of sexual abuse by her stepfather, aided and abetted by her mother, the appellant. The child states she has had nude pictures taken of her by her stepfather. The affidavit alleges the address in question is in charge of and controlled by appellant and the stepfather.

The information from the named twelve years old victim is that when the three returned from the trip to Mexico, a specific act of rape took place. The location of that offense is described as "their apartment in Dallas, ..." Under the circumstances related, it would be illogical to presume the suspects had more than one apartment. It would be logical that the act and the photography would have occurred in their apartment, the one particularly described in the affidavit, and such apartment would be the logical place for the photographs to be located.

A common sense interpretation of the affidavit leads us to the conclusion that the photographs were in fact at the address given. The affidavit is sufficient under *Lopez v. State*, 535 S.W.2d 643 (Tex.Cr.App. 1976), as well as being consistent with the language in *Illinois v. Gates*, —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Appellant's first ground of error is overruled.

Appellant's second ground of error alleges error in failing to give her requested charges that the child was the wife of the stepfather. The requested charge was,

[T]herefore, if you find from the evidence that at the time of the alleged offense [M.M.] was the wife of Trevor Tallant, or if you have a reasonable doubt as to whether she was then his wife you will find the Defendant not guilty.

The charge given contains the following instruction,

You are instructed as part of the law in this case that one of the elements which the State of Texas must prove beyond a reasonable doubt is that [M.M.] was not the wife of TREVOR TALLANT on the date of the alleged offense.

Appellant contends the instruction given was only that which the court was required to give in order to define the State's burden of proof, and that she was entitled to the requested charge in order that her defensive theory might be properly considered. Appellant cites *Montgomery v. State*, 588 S.W.2d 950 (Tex.Cr.App.1979) in support of her contention. In *Montgomery*, the defendant testified he engaged in a drug transaction and took money from a buyer because he was following instructions of a law enforcement officer. He was convicted of aggravated robbery, and the conviction was reversed because the court failed to instruct the jury on the defense of mistake of fact. The State contended such instruction was not required since the jury was instructed on the statutory definition of intent. The Court of Criminal Appeals held that was not sufficient, and he was entitled to an affirmative submission of every defensive issue raised by the evidence.

*Montgomery* is distinguishable from the instant case. Here the defensive issue is built into the definition of the offense. The burden is properly placed on the State to prove beyond a reasonable doubt that the child was not the wife of the stepfather. If such burden is not met, a verdict of not guilty results. The appellant's defensive theory was properly submitted to the jury.

We further hold that as a matter of law the child was not the wife of the stepfather. We have before us the testimony of the child and two instruments in Spanish which were admitted into evidence. An interpreter translated the instruments into English—one purports to be a Mexican divorce decree terminating the marriage of appellant and Trevor Tallant, the other purports to be a Mexican certificate of the marriage of the child and Trevor Tallant.

*Schacht v. Schacht*, 435 S.W.2d 197 (Tex. Civ.App.—Dallas 1968, no writ) sets out the presumption of validity of a second marriage. Since we cannot take judicial notice of Mexican law, we must presume it is the

same as Texas law, absent proof that it is different. *Hall v. State,* 619 S.W.2d 156 (Tex.Cr.App.1980). Tex.Fam.Code Ann. § 3.21 (Vernon 1975) requires residence by one of the parties in the state for six months, and 90 days in the county, before a divorce suit may be maintained. The only testimony before us with regard to the trip to Mexico comes from the child. There is no question that appellant and Trevor Tallant were not residents of Mexico; we must assume Mexican divorce law is the same as that of Texas, and, therefore, no Mexican court had jurisdiction to grant them a divorce.

The presumption of validity of a second marriage is overcome. Appellant and Trevor Tallant were married on January 22, 1982. While marriages to children under fourteen without a court order are only voidable (Tex.Fam.Code Ann. § 2.41 (Vernon 1975)), Tex.Fam.Code Ann. § 2.22 (Vernon 1975) makes marriage during the existence of a prior existing marriage void. As a matter of law the child was not the wife of Trevor Tallant on January 22, 1982. Appellant's second ground of error is overruled.

Appellant's third ground of error asserts her conviction is void for failure of the State to charge her with incest, a special statute instead of aggravated rape of a child, a general statute covering the same conduct.

The same contention was made by the defendant in *Nelson v. State,* 612 S.W.2d 605, 607 (Tex.Cr.App.1981). In that case the defendant was convicted of the rape of his twelve year old daughter. The court held:

the two statutory provisions are not addressed to the same subject matter, and that incest is not a more specific criminalization of conduct covered by rape of a child. Although appellant's conduct violated both statutes, this is not sufficient to show the statutes condemn the same conduct in a manner that makes one a general case and the other a special case. When the *relationship* between the accused and the complainant are looked to,

... rape of a child would appear to be the more specific. The elements of the two offenses are such that each has its unique requirements for culpability, and in some instances, such as this case, the same conduct will violate both....

Appellant's third ground of error is overruled.

The court's charge contained the following instructions:

You are instructed that the word "wife" as used in this charge means the female spouse in a lawful marriage.

You are further instructed that a marriage license and certificate having been admitted into evidence in this case gives to a rebuttable presumption that the marriage, if any, between TREVOR TALLANT and [M.M.] was a valid marriage.

You are instructed that a presumption, as in this case, may be rebutted only by sufficient evidence standing alone which negatives the presumption, but such evidence need not be established absolutely or to a moral certainty. In all events, you, the jury, are the exclusive judges of the weight to be given the evidence.

In ground of error number four, appellant alleges it was reversible error to use the word "lawful" with regard to the marriage. In ground of error number five, appellant alleges reversible error by modifying the word "presumption" with the word "rebuttable". Ground of error number six alleges reversible error in giving an incorrect statement of the law as to how a presumption may be rebutted.

There was no specific objection made as to the use of the word "lawful" to modify the word "marriage", and in the absence of such specific objection there is nothing for this court to decide.

There was no error in the court's instruction that a presumption is rebuttable and the manner by which it may be rebutted. *Schacht v. Schacht, supra.* The only evidence in the record concerning the divorce and marriage are the two instruments in Spanish and the testimony of the child.

Her testimony that there was no marriage is sufficient to rebut any presumption resulting from the two instruments. In addition, we hold that as a matter of law, there was no valid marriage of the child and Trevor Tallant. Grounds of error four, five, and six are overruled.

 Ground of error number seven contends the evidence is insufficient to show that the child was not the wife of Trevor Tallant. For the reasons previously stated, we disagree. Ground of error number seven is overruled.

Ground of error number eight alleges error in overruling appellant's objection to the introduction of extraneous offenses. The child was permitted to testify, over objection, that she had been repeatedly raped by Tallant over a period of two years. Extraneous offenses are admissible when they involve other illegal acts toward the victim by the defendant to show an unnatural attitude toward the victim by the defendant, and the probability that the act charged did occur. *Thomas v. State,* 399 S.W.2d 555 (Tex.Cr.App.1966).

Appellant was charged under the law of parties, and the acts of Trevor Tallant were as if they were done by appellant. The testimony of the child was that her mother told her to go into the bedroom with Tallant and to do whatever acts he told her to do, often with the threat that the child would be killed or harmed by the mafia if she did not comply. Each of these incidents show that appellant was aware of the sexual assaults by Tallant, and complied with his wishes and encouraged her daughter to submit to him. Appellant's eighth ground of error is overruled.

In her ninth ground of error, appellant alleges the indictment is fatally defective because it does not allege an act of sexual intercourse between the perpetrator and the victim. The indictment reads in part:

acting with intent to promote and assist the commission of the offense of aggravated rape of a child, then and there knowingly and intentionally solicit, en-

courage, direct, aid and attempt to aid TREVOR TALLANT to have sexual intercourse with [M.M.], a female not his wife, ...

We hold the indictment alleges a complete act—"to have sexual intercourse ..." is alleged, not to attempt to have sexual intercourse. Ground of error number nine is overruled.

Judgment affirmed.