Robert Coakley **GAMBILL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1049–84.

Court of Criminal Appeals of Texas,
En Banc.

June 26, 1985.

J. Gilbert Shaw, Dallas, for appellant.

Henry Wade, Dist. Atty., and Tom Streeter, Joan Marshall and John Creuzot,

Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

PER CURIAM.

Appellant's petition for discretionary review was refused April 3, 1985. On April 18, 1985 appellant timely filed his motion for rehearing, raising for the first time in a single ground a matter that had been considered by the court of appeals, but that had not been presented by appellant in his original petition to this Court.

■ The primary function of a motion for rehearing in its usual context is to request this Court to *reconsider* its order refusing discretionary review of the grounds for review initially presented. To this end the motion "must briefly and distinctly state its grounds, together with any supporting arguments." Tex.Cr.App. Rules 304(*l*) and 309(a) and (b). In that light we reexamine the order refusing petition for discretionary review.

■ The rules do not authorize a movant for rehearing unilaterally and gratuitously to introduce for the first time in a motion for rehearing a new ground for review, albeit one that may have been determined by the court of appeals. Belatedly to present new grounds in such piecemeal fashion is inimical to rights of an opposing party and valid interests of this Court in orderly procedure and judicial economy. Thus the rule that a motion for rehearing (or reply thereto) "may be amended or supplemented *with leave of the Court* at any time prior to final disposition." Rule 309(b) (Emphasis added.)

■ Contrary to rules of the Court appellant filed his motion for rehearing with only a single ground, one that had not been previously presented to this Court. He has neither sought nor obtained leave to amend or supplement a proper motion for rehearing. Accordingly, the motion for rehearing is denied.