**Felisha FARRELL aka Latasha Renee Brown, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1280–92.**

**Court of Criminal Appeals of Texas, En Banc.**

June 9, 1993.

Rehearing Denied Nov. 3, 1993.

---

John G. Tatum, Dallas, for appellant.

John Vance, Dist. Atty., Sharon Batjer and Colleen Murphy, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was convicted by the trial judge of theft, Tex.Penal Code Ann. § 31.-03(e)(4)(B), and sentenced to confinement for forty-five years. Tex.Penal Code Ann. § 12.-42. The Court of Appeals found the evidence insufficient and entered a judgment of acquittal. *Farrell v. State,* 837 S.W.2d 395, 401 (Tex.App.—Dallas 1992). We granted the State's petition for discretionary review to determine whether the Court of Appeals erred in failing to reform the judgment and find appellant guilty of the lesser offense of theft. We will affirm.

### I.

Our review is limited to decisions of the courts of appeals. Tex.R.App.P. 200(a) provides:

> The Court of Criminal Appeals, on its own motion, with or without a petition for discretionary review being filed by the appellant or the State, may review a *decision* of a court of appeals in a criminal case.[1]

Tex.R.App.P. 202(a) provides:

> The Court of Criminal Appeals may review a *decision* of a court of appeals in a criminal case upon petition by the appellant or the State.

Because our review is limited to decisions by the courts of appeals, we have held a party "may not expect this Court to consider a ground for review that does *not* implicate a determination by the court of appeals of a point of error presented to that court in orderly and timely fashion." *Tallant v. State,* 742 S.W.2d 292, 294 (Tex.Cr.App.1987) (citing *Degrate v. State,* 712 S.W.2d 755 (Tex. Cr.App.1986)).

---

1. Unless otherwise indicated, all emphasis is supplied.

■ In order to ensure that we review only decisions of the courts of appeals, we insist that the parties, in an orderly and timely fashion, provide the courts of appeals with the first opportunity to resolve the various issues associated with the appeal. This orderly and timely presentation is accomplished by requiring the parties to raise their points of error and the responses thereto in their original briefs to the courts of appeals.

In *Rochelle v. State*, 791 S.W.2d 121 (Tex. Cr.App.1990), we declined to consider an argument raised before the court of appeals for the first time in a motion for rehearing:

> We perceive the clear import of the purpose stated in [Tex.R.App.P.] Rule 74(p) to be that all points of error sought to be reviewed and all replies thereto are to be included in the original brief. Supplemented or amended briefs bringing new matters to the appellate court may be filed later, but only "as justice requires" or "in the interest of justice" and under reasonable terms imposed by the court ... The idea that a party may force a new issue on an appellate court after briefs have been filed is foreign to the rules, although constitutional restraints such as due process may so require in a given case.... Short of those situations, the decision whether to consider new matters raised in a supplemented or amended brief should be left to the sound discretion of the appellate court.

*Id.*, 791 S.W.2d at 124. *See also, Alvarado v. State*, 818 S.W.2d 100 (Tex.App.—San Antonio 1991), and *Wilson v. State*, 811 S.W.2d 700, 702 (Tex.App.—Houston [14th Dist.] 1991) ("A point of error raised for the first time in a supplemental brief is not properly presented for appellate review.").[2]

However, as with every general rule, there is an exception. In *Riley v. State*, 825 S.W.2d 699 (Tex.Cr.App.1992), we held the State had *not* waived review of an alleged defect in the defendant's notice of appeal by raising the defect, for the first time, in a motion for rehearing, before the court of appeals. *Id.*, 825 S.W.2d at 700. We held the issue was not waived because "[a]ppellate courts are required to review challenges to their jurisdiction properly raised at any time before the issuance of its mandate." *Id.*

## II.

■ In the instant case, the State did not raise the reformation issue in the Court of Appeals;[3] the issue is being raised for the first time in the State's petition. Since the State did not raise the reformation issue before the Court of Appeals, the State's ground for review does *not* implicate a decision by that Court. *Tallant*, supra. Furthermore, the ground for review does *not* challenge the jurisdiction of the Court of Appeals. *Riley*, supra. Therefore, we will not reach the merits of the State's ground for review.

The judgment of the Court of Appeals is affirmed.

CAMPBELL, J., concurs in the result only, believing this case was improvidently granted in the first instance.

McCORMICK, P.J., joined by WHITE and MEYERS, JJ., dissents.

CLINTON, J., not participating.

McCORMICK, Presiding Judge, dissenting.

As noted by the majority, we granted the State's petition for discretionary review to determine whether the Court of Appeals erred in entering an acquittal instead of a conviction for the lesser included offense of theft. Appellant was convicted in a trial before the court of the offenses of credit card abuse and theft from the person. The Court of Appeals concluded that the evidence to support the conviction for theft from the person was insufficient to show that the tak-

---

2. Although *Rochelle* is clear that, absent compelling circumstances, arguments raised for the first time in a motion for rehearing are not preserved for appellate review, we noted in *Tallant* that "there will be instances where [a motion for rehearing] is a helpful tool for focusing attention on an adverse determination of an issue [citations omitted], and if it draws a responsive opinion from the court so much the better, [citation omitted]." *Tallant*, 742 S.W.2d at 295.

3. A reformation was not requested by the State in its original brief or in a motion for rehearing. *See*, n. 2, *supra*.

ing was from the person, and reversed the conviction and entered an order of acquittal. *Farrell v. State*, 837 S.W.2d 395 (Tex.App.— Dallas 1992).

Today, the majority sua sponte determines that since the State did not raise the reformation issue in the Court of Appeals, this Court cannot reach the merits of the State's ground of review. Because the majority's reliance on the plurality opinion in *Tallant v. State*, 742 S.W.2d 292 (Tex.Cr.App.1987), appears to me to be wholly erroneous, I dissent.

The issue of what is or is not reviewable under our practice of discretionary review has been, and continues to be, an unnavigable maze. Article 5, Section 5 of our Texas Constitution provides for review of "a *decision* of a court of appeals in a criminal case as provided by law." The statutory provisions implementing Article 5, Section 5, utilized the same language: "review decisions of the court of appeals." Article 44.45, V.A.C.C.P. Similarly, the Rules of Appellate Procedure provide that discretionary review is to "review a decision of a court of appeals in a criminal case." Rules 200 and 202, Tex.R.App.Pro. Thus, the Constitution, statutes, and rules recognize that this Court's authority in matters of discretionary review are limited to "decisions" review.

It is with the majority's interpretation of what a "decision" is that I take issue and where we part company. Relying on this Court's plurality opinion in *Tallant*, supra, the majority notes:

> "[W]e have held a party 'may not expect this Court to consider a ground for review that does *not* implicate a determination by the court of appeals of a point of error presented to that court in orderly and timely fashion.'" (Emphasis in majority opinion.)

Even assuming that this is a correct interpretation of this Court's authority in matters of discretionary review (which I do not, see *Tallant*, supra at p. 300, McCormick, J. dissenting), the issue upon which we granted discretionary review in this case does not implicate a determination by the Court of Appeals of a point of error. Instead it implicates the Court of Appeals' judgment which

is the remedy the Court of Appeals fashions in every case following its decision on the points of error presented. See Rule 80, Tex. R.App.Pro. Here the State argued, and we granted review to determine, whether the Court of Appeals fashioned the wrong remedy after having addressed the points of error presented to it on direct appeal.

It would be absurd indeed to require the parties to an appeal to the courts of appeals to present points of error to review a judgment of the court of appeals which has yet to be entered. But today's opinion now requires the parties to divine the remedy the Court of Appeals may adjudge, and object thereto in advance.

The majority recognizes that a motion for rehearing in the court of appeals is not a prerequisite to the granting of discretionary review. Rule 200(d), Tex.R.App.Pro. The majority's requirement of "orderly and timely presentation" of issues overlooks the provisions of Rule 101, Tex.R.App.Pro., which allows a court of appeals to "reconsider and correct or modify the opinion and judgment" following the filing of a petition for discretionary review.

Where a party is aggrieved by the judgment and not by the decision on a point of error, I believe that the first opportunity for a timely and orderly presentation of such disagreement is either in a motion for rehearing or via a petition for discretionary review since a motion for rehearing is not mandatory. Furthermore, in his reply brief in this Court, the appellant herein has made no argument that we should not reach the merits of the State's claim.

The practice of the law is by no means an exact science. We cannot expect practioners to anticipate every possible scenario that may arise in the appellate processes, and make an argument for or against as their adversarial position may dictate. The State has here presented for review an important question of law which we should address. Quoting from former Presiding Judge Onion in *Tallant*, supra:

> "I am deeply distressed, however, by the approach taken by the majority in this and other recent cases in adopting a warped

policy of discretionary review that unduly and unlawfully restricts the authority of this Court of last resort in reviewing decisions by the Court of Appeals. This policy was never constitutionally intended." 742 S.W.2d at 300.

I would interpret the term "decision" to mean the opinion of a court of appeals addressing a properly presented point of error. I would further hold that the judgment is nothing more than the statutorily dictated remedy which the court fashions as a consequence of its decision, and that the State has in a proper, timely, and orderly fashion presented its ground for review to this Court.

I respectfully dissent.

WHITE and MEYERS, JJ, join this dissent.