

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0307-09

**RONALD WILSON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

*Per Curiam*. KEASLER, J., filed a dissenting opinion in which KELLER, P.J., and HERVEY, J., joined.

### OPINION ON STATE'S MOTION FOR REHEARING

We deny the State's motion for rehearing, but address its first ground for rehearing, in which the State argues that appellant did not preserve, in the trial court, the precise complaint that forms the basis of the decision by both the court of appeals and this Court. This is true, but of no consequence under the unique circumstances of this case.

Appellant properly preserved a complaint that Detective Roberts violated Section 37.10 of the Penal Code when he falsified a legitimate government document–an official

Bexar County fingerprint report–in the trial court. Appellant timely, specifically, and repeatedly brought that Penal Code section, which prohibits tampering with a government record, to the trial judge's attention. He obtained an adverse ruling. And then he brought precisely the same complaint to the court of appeals: Det. Roberts violated Section 37.10 of the Penal Code when he fabricated a forensic fingerprint report; therefore, under the Texas exclusionary rule, Article 38.23 of the Code of Criminal Procedure, any evidence obtained as a result of that law violation was inadmissible at trial.[1] Appellant also mentioned Section 37.09, the more inclusive penal section prohibiting tampering with *any* physical evidence (including, but not limited to, tampering with a government record), in his brief to the court

---

[1] Appellant's sole point of error in the court of appeals was as follows:

The trial court abused its discretion when it denied Appellant's motion to suppress the video interrogation of Appellant because the confession was obtained in violation of the laws of the State of Texas and thus prohibited under article 38.23 of the Texas Code of Criminal Procedure.

Appellant set out the pertinent provisions of Section 37.01(2)(A) defining a "governmental record," Section 37.09, "Tampering With or Fabricating Physical Evidence," and Section 37.10, "Tampering With a Governmental Record." After setting out Det. Roberts' testimony, appellant asserted: "Thus, Detective Roberts clearly violated section 37.10(a)(2) and possibly section 37.09(a)(2), of the Texas Penal Code." Appellant then went on to argue, at greater length, how the Bexar County Criminal Investigation Laboratory fingerprint report met the definition of a governmental record. Appellant concluded his brief with the following:

In the instant case, the trial court abused its discretion when it denied the motion to suppress because Detective Roberts tampered with (fabricated) the Bexar County Criminal Investigation Report (a government document) and used or presented it to Appellant and Detective Roberts intended it to be taken as a genuine government document in order to coerce information from Appellant. This was a clear violation of article 38.23 of the Texas Code of Criminal Procedure and thus the confession should have been excluded. For these reasons, the cause should be reversed and remanded back to the trial court for a new trial.

Appellant's Brief on Direct Appeal at 8.

of appeals, but he did not base his claim on that provision.[2]

The court of appeals decided the case by relying on Section 37.09, the more inclusive penal provision of tampering with physical evidence, rather than Section 37.10, the more restrictive penal provision of tampering with a government document. Thus, it was the court of appeals, not appellant, that shifted the ground from Section 37.10 to 37.09. Obviously, appellant did not complain about that shift: he had prevailed. But neither did the State complain about that shift to the court of appeals[3] or to this Court. Instead, it accepted the court of appeals's resolution of the claim under Section 37.09, and argued in this Court that the Texas exclusionary rule did not bar the admission of appellant's statement obtained as a result of Det. Roberts's violation of Section 37.09.

Its sole ground for review read,

> Did the court of appeals err in equating the use of deception in the creation of a document for interrogation purposes with a violation of Tex. Pen. Code 37.09?

We relied on the *Tallant* line of cases[4] to hold that, under these circumstances, there was no issue before us concerning the propriety of the court of appeals's reliance on section 37.09, tampering with evidence, as opposed to section 37.10, tampering with a governmental

---

[2] *See* note 1.

[3] At oral argument, the justices raised the issue of Section 37.09, and the prosecutor correctly noted that she did not think that appellant had relied upon that particular section in the trial court, but she then argued that neither Section 37.09 nor 37.10 should apply to Det. Roberts's conduct.

[4] *See Tallant v. State*, 742 S.W.2d 292 (Tex. Crim. App. 1987) (plurality op.); *see also Farrell v. State*, 864 S.W.2d 501 (Tex. Crim. App. 1993); *Rochelle v. State*, 791 S.W.2d 121 (Tex. Crim. App. 1990).

record, in resolving appellant's Texas exclusionary-rule claim.

The State argues in its motion for rehearing that there is some conflict between the *Tallant* line of cases cited by the Court in its original opinion[5] and the more recent cases discussing the importance of preservation of error in the trial court.  The State has a point.

In *Tallant*, the defendant claimed, in the court of appeals, that the trial judge erred by admitting 1,036 photographs of the twelve-year-old aggravated rape victim that the defendant had taken.[6] He argued that they were seized under an invalid search warrant.[7] The State had conceded, in that court, that their seizure was improper, but argued that their admission was harmless error.[8] The court of appeals held that their admission was reversible error.  The State then filed a petition for discretionary review with this Court, claiming, for the first time, that the defendant had failed to preserve the issue of the validity of the search warrant in the trial court.  In *Tallant* we stated:

> Just as an appellant must properly present points of error to the court of appeals for its decision in order to complain of an adverse determination by way of ground for review, we hold that the State must call to the attention of the court of appeals in an orderly and timely fashion that an alleged error was not preserved.[9]

---

[5] *Wilson v. State*, No. PD-0307-09, ____ S.W.3d ____, 2010 WL 715253 (Tex. Crim. App. Mar. 3, 2010).

[6] *Tallant*, 742 S.W.2d at 293.

[7] *Id*.

[8] *Id*. at 294.

[9] *Id*.

Our more recent "preservation is a systemic requirement" line of cases have eroded the actual holding in *Tallant*: now it is the duty of the appellate courts to ensure that a claim is preserved in the trial court before addressing its merits.[10]  As we recently stated in *Ford v. State*,[11]

> Preservation of error is a systemic requirement on appeal.  If an issue has not been preserved for appeal, neither the court of appeals nor this Court should address the merits of that issue. Ordinarily, a court of appeals should review preservation of error on its own motion, but if it does not do so expressly, this Court can and should do so when confronted with a preservation question.[12]

Thus, under the new cases, the State's failure to raise preservation to the court of appeals is no longer a bar to it raising it for the first time in this court in a petition for discretionary review.

But that does not change the resolution in this case.  The State did not file a motion for rehearing in the court of appeals pointing out its reliance upon (unpreserved) Section 37.09, instead of (preserved) Section 37.10, nor did it raise any preservation issue in its petition for discretionary review.  Rather, it simply sought discretionary review of the court of appeals's holding, running the risk of this Court assuming–as it did–that the losing party

---

[10] *See, e.g., Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement of every appeal."); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) (procedural-default questions, raised by the State for the first time in a petition for discretionary review, are properly before this Court); *Haley v. State,* 173 S.W.3d 510, 515 (Tex. Crim. App. 2005) ("preservation of error is a systemic requirement that must be reviewed by the court of appeals regardless of whether the issue is raised by the parties").

[11] 305 S.W.3d 530 (Tex. Crim. App. 2009).

[12] *Id.* at 532-33 (footnotes omitted).

did not find any meaningful distinction between the preserved and unpreserved theories.[13]

The assumption here made perfect sense: the State's position is, and was, that deception in the creation of apparent evidence and its use to influence a suspect to give a confession does not violate the Texas exclusionary rule–regardless of whether what is created is a fake government document or some other fake evidence.

Even if we granted the State's motion for rehearing, the result would simply be to remand this case to the court of appeals to address the same exclusionary-rule claim using appellant's preserved Section 37.10 basis, rather than the Section 37.09 basis that the lower court relied upon.  There seems little point in expending scarce judicial resources in that endeavor.

Under the unique circumstances of this case, where we were never, until now (after the Court mentioned the discrepancy on its own), confronted with a preservation question by the parties, and we were not, on our own, confronted with a preservation issue that made any difference to the resolution of the merits, we deny the State's motion.

Delivered: June 9, 2010

Publish

---

[13] *See* GEORGE E. DIX & ROBERT O. DAWSON, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 44.27c (2d ed. & Supp. 2009-2010) (under *Gallups v. State*, 151 S.W.3d 196 (Tex. Crim. App. 2004), a "party's failure to preserve an issue in the trial court for consideration on direct appeal . . . is not dispositive of whether on discretionary review the Court of Criminal Appeals should address it.  The high court can properly consider a matter not preserved in this sense if the court of appeals addressed it and it was within the scope of the grant of review.").