Don Lambright, Houston, Carl L. Masztal, Miami, Fla., for appellant.

James S. McGrath, Dist. Atty., and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

**Gustavo Alberto ROLDAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1306–85.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 18, 1987.

### OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted of the offense of Possession of a Controlled Substance, to-wit: Cocaine, in a quantity of more than 400 grams. The jury assessed the appellant's punishment at confinement for life and a fine of $50,000.00.

On appeal, the appellant argued that there was insufficient probable cause to justify his warrantless arrest, and this tainted the search of his pick-up truck conducted pursuant to a search warrant which resulted in discovery of cocaine. The police relied on information from a confidential informant to make the arrest. Appellant asserted this informant was neither credible nor reliable.

The Court of Appeals disagreed. The lower court applied the totality of the circumstances analysis, which was set out in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) and applied by this Court in *Hennessy v. State*, 660 S.W. 2d 87 (Tex.Cr.App.1983) and in *Eisenhauer v. State*, 678 S.W.2d 947 (Tex.Cr.App.1984), to the facts of the instant case. They concluded that there was sufficient probable cause for the appellant's warrantless

arrest and the subsequent search of the pick-up truck. *Roldan v. State*, 698 S.W. 2d 741 (Tex.App., 9th Dist.1985).

Appellant filed a petition for discretionary review with this Court. In his petition, which was granted by this Court, the appellant set out one ground for review:

Whether this Court should review a majority opinion of the Court of Appeals for the Ninth Supreme Judicial District where that opinion held that the totality of circumstances standard for probable cause to effectuate an arrest or obtain a search warrant announced in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) and *Hennessy v. State*, 660 S.W.2d 87 (Tex.Cr.App.1983) is satisfied by unverified information from a confidential sub-informant whose reliability, credibility and basis for knowledge is unknown.

We shall not discuss this ground for review because the reasons for review cited by appellant are inadequate.

Appellant set out two reasons for review. First, he asserts that the Court of Appeals has decided an important question of state and federal law in conflict with the applicable decisions of the Court of Criminal Appeals, and the Supreme Court of the United States. Tex.R.App.Pro. Rule 200(c)(3). Second, appellant states that the justices of the Court of Appeals have disagreed upon a material question of law necessary to its decision. Tex.R.App.Pro. Rule 200(c)(5). This Court granted review.

After examining the record in the instant case, and reviewing the decision of the Court of Appeals and the applicable decisions of this Court, we conclude that the reasons for review cited by the appellant are not supported by the facts.

As to his first reason for review, we find that the lower court properly relied on the applicable decisions of this Court (*Hennessy* and *Eisenhauer*), and of the Supreme Court (*Illinois v. Gates*). The decision of the lower court against the appellant's claim of an illegal warrantless arrest is in line with, and does not conflict with, the applicable decisions of this Court and the Supreme Court.

Concerning his second reason for review, the appellant relies on the dissent of Justice Burgess of the Court of Appeals. There was no disagreement upon a material question of law in the Court of Appeals. A review of the two paragraph dissent shows that the only disagreement among the justices of the lower court was a factual one:

"I would hold that the facts in this case do not meet the requirements of *Gates*, supra, and *Hennessy*, supra."

This second reason for review is also without substance.

Appellant has presented no reasons as to why this Court should review the opinion of the Court of Appeals. *DeGrate v. State*, 712 S.W.2d 755 (Tex.Cr.App.1986). Review in the instant case is dismissed as improvidently granted. Tex.R.App.Pro. Rule 202(k).

TEAGUE, J., dissents. He would sustain appellant's contentions based upon Justice Burgess's dissent that was filed in the court of appeals.