PD-1507-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/22/2014 1:33:13 PM
Accepted 12/29/2014 2:07:17 PM
ABEL ACOSTA
CLERK

CAUSE NO. PD-1507-14

COURT OF APPEALS CAUSE NO. 11-12-00124-CR

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

CHE PATRICE HUTCHINSON

APPELLANT/PETITIONER

VS.

THE STATE OF TEXAS

APPELLEE

REPLY TO PETITION FOR DISCRETIONARY REVIEW

ELISHA BIRD
35th Assistant District Attorney
State Bar No. 24060339
200 S. Broadway,
Brownwood, TX 76801
Telephone: (325) 646-0444
Fax: (325) 643-4053

FILED IN
COURT OF CRIMINAL APPEALS

December 29, 2014

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................... ii

INDEX OF AUTHORITIES.............................................................................. iii

LIST OF PARTIES ...........................................................................................iv

STATEMENT OF THE CASE...........................................................................2

REPLY ISSUE ONE...........................................................................................2

REPLY ISSUE TWO...........................................................................................2

STATEMENT OF FACTS .................................................................................3

SUMMARY OF THE ARGUMENT ..................................................................4

ARGUMENT
REPLY ISSUE ONE...........................................................................................4
REPLY ISSUE TWO............................................................................................8

CONCLUSION ................................................................................................10

CERTIFICATE OF SERVICE .........................................................................11

CERTIFICATE OF COMPLIANCE.................................................................11

# INDEX OF AUTHORITIES

## STATUTES

Tex. R. App. P. 66.1................................................................................8

Tex. R. App. P. 66.3.............................................................................5,8


## CASES

*Ex parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005) ...................5,6

*Ex parte LaHood*, 401 S.W.3d 45 (Tex. Crim. App. 2013) .....................6

*Farrell v. State*, 864 S.W.2d 501 (Tex. Crim. App. 1993) ...................8,9

*Frangias v. State*, 392 S.W.3d 642 (Tex. Crim. App. 2013) ................5,6

*Hutchinson v. State*, No. 11-12-00124-CR, 2014 WL 2957398 (Tex. App.—Eastland June 26, 2014, pet. filed) ......................................................2,6,9

*Hutchinson v. State*, No. 11-12-00124-CR, 2014 WL 5529150 (Tex. App.—Eastland Oct. 9, 2014, pet. filed) ............................................................2,9

*Roldan v. State*, 739 S.W.2d 868 (Tex. Crim. App. 1987) .......................5

*Strickland v. Washington*, 466 U.S. 668 (1984) ......................................6

*Wiggins v. Smith*, 539 U.S. 510 (2003) ................................................5,6

# LIST OF PARTIES

Pursuant to Rule 74(a) of the Texas Rules of Appellate Procedure the State lists the names and addresses of all parties to the Trial Court's final judgment and their trial counsel in the trial court.

CHE PATRICE HUTCHINSON
C/O Texas Department of Criminal Justice

Trial Counsel
ROBERT MAURER
Attorney at Law
115 East Travis Street
San Antonio, Texas 78202

Appellate Counsel
CONNIE J. KELLEY
Attorney at Law
1108 Lavaca #110-221
Austin, Texas 78701

State of Texas

Trial Counsel
SAM C. MOSS
Assistant District Attorney

Appellate Counsel
ELISHA BIRD
Assistant District Attorney
35th District Attorney's Office
200 S. Broadway
Brownwood, TX 76801

CAUSE NO. PD-1507-14

COURT OF APPEALS CAUSE NO. 11-12-00124-CR

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

CHE PATRICE HUTCHINSON

APPELLANT/PETITIONER

VS.

THE STATE OF TEXAS

APPELLEE

REPLY TO PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

1

## STATEMENT OF THE CASE

Appellant pled guilty to the offense of Delivery of a Controlled Substance in an amount that was greater than 4 grams but less than 200 grams. (R.R. Vol. 2, p. 8).

A punishment hearing was held on February 16, 2012 and at that time, the trial judge sentenced Appellant to 50 years incarceration. (R.R. Vol. 2, pp. 1, 303). Appellant filed an appeal in the Eleventh Court of Appeals. The Eleventh Court of Appeals affirmed the 50 year sentence. *Hutchinson v. State*, No. 11-12-00124-CR, 2014 WL 2957398, at *10 (Tex. App.—Eastland June 26, 2014, pet. filed).

Appellant then filed a motion for rehearing. *Hutchinson v. State*, No. 11-12-00124-CR, 2014 WL 5529150, at *1 (Tex. App.—Eastland Oct. 9, 2014, pet. filed). The Court of Appeals denied Appellant's motion for rehearing. *Id.* at *3.

## REPLY ISSUE ONE

THE COURT OF APPEALS DECISION DID NOT CONFLICT WITH ANY APPLICABLE DECISIONS OF THIS COURT OR THE SUPREME COURT.

## REPLY ISSUE TWO

APPELLANT HAS RAISED A NEW ISSUE IN HIS PETITION FOR DISCRETIONARY REVIEW AND THEREFORE, THE PETITION SHOULD NOT BE GRANTED ON THIS ISSUE

## STATEMENT OF FACTS

Over the course of four to five years, Appellant distributed over a pound of methamphetamine obtained from the drug cartel and Mexican Mafia into Brown County in exchange for about $3,500 a month.  (R.R. Vol. 3, pp. 111-19, 230-32).  In addition to distributing methamphetamines, Appellant also sold marijuana, Xanax, crack cocaine, OxyContin, hydrocodone, codeine, and high-grade marijuana. (State's Exhibit 21, R.R. Vol. 5, p. 27; R.R. Vol. 3, pp. 74-105, 120-21).  In Appellant's own words, he had either directly sold or been the middle man in the sale of marijuana "a thousand times."  (R.R. Vol. 3, p. 125).  He also sold approximately half a pound of crack cocaine.  (R.R. Vol. 3, pp. 126-27).  Witnesses testified that Appellant had a very disrespectful, above-the-law type of attitude about getting caught.  (R.R. Vol. 3, pp. 99, 178-80, 300) (among other testimony, Appellant indicated through text messages that "Barney Fife can't get me.").

On November 16, 2010, Appellant sold methamphetamines to a confidential informant.  (State's Exhibit #2, R.R. Vol. 3, pp. 25-40).  Appellant was arrested almost a year later as part of a drug roundup held in Brown County.  (R.R. Vol. 2, pp. 43-44).

## SUMMARY OF THE ARGUMENT

Current controlling precedent from this Court and the Supreme Court simply require that a decision not to investigate be a reasonable professional judgment. The Court of Appeals properly considered the reasonableness of the decision made by Appellant's trial counsel not to have the controlled substance reweighed. Requiring counsel to consult with an independent expert before making such a decision is not controlling precedent. To consider such an issue would be an expansion of the current analysis required under the ineffective assistance doctrine related to failure to investigate.

No decision by the Court of Appeals exists for review under Issue Two as Appellant never raised the argument to the Eleventh Court of Appeals that trial counsel's conduct was deficient for failing to follow his client's express wishes about having the controlled substance reweighed.

## REPLY ISSUE ONE

Appellant has not identified any question of state or federal law decided by the Court of Appeals in this case that would conflict with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States.

Appellant claims in his brief that the Eleventh Court of Appeals decided "an important question of federal constitutional law in a way that conflicts" with

4

applicable decisions of higher courts.  *See Petition for Discretionary Review*, p. 3. However, before a petition for discretionary review should be granted, Appellant should identify an adequate reason for review.  Merely claiming that the lower court's decision conflicts with Court of Criminal Appeals and Supreme Court precedent is not sufficient.  *See Roldan v. State*, 739 S.W.2d 868, 869 (Tex. Crim. App. 1987) (holding that insufficient facts supported the Petitioner's reasons for requesting review); *See* Tex. R. App. P. 66.3(c).

Appellant cites to *Wiggins v. Smith, Ex parte Briggs* and *Frangias v. State* as the cases that best represent the federal constitutional law at issue in this case.  *See Petition for Discretionary Review*, pp. 4-6.  Therefore, the claim presented in Appellant's Petition for Discretionary Review is fundamentally that the Court of Criminal Appeals decision in this case conflicts with *Wiggins, Ex parte Briggs*, and *Frangias*.

However, the Court of Appeals decision in this case does not conflict with any of those cases.  None of the cited cases, nor any other case law, create an absolute requirement that defense counsel investigate every claim that could possibly be presented for a defendant. *See Wiggins v. Smith*, 539 U.S. 510, 533 (2003) ("…we emphasize that Strickland does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant…").

5

Instead, Supreme Court case law recognizes that "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Wiggins*, 539 U.S. at 521 (quoting *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984)); *Ex parte Briggs*, 187 S.W.3d 458, 466 (Tex. Crim. App. 2005) (quoting *Wiggins*, 539 U.S. at 521-22). *See Frangias v. State*, 392 S.W.3d 642, 654 (Tex. Crim. App. 2013) (recognizing that the "abandonment of alternative ways of implementing a particular trial strategy is reasonable" when reasonable efforts have been made to pursue those alternatives); *Ex parte LaHood*, 401 S.W.3d 45, 50 (Tex. Crim. App. 2013) ("Counsel has a duty in every case to make… a reasonable decision that an investigation is unnecessary.").

The Eleventh Court of Appeals decision in this case recognized that the Court should look at the reasonableness of the defense attorney's judgment in deciding to limit the scope of his pretrial investigation. *Hutchinson v. State*, No. 11-12-00124-CR, 2014 WL 2957398, at *4 (Tex. App.—Eastland June 26, 2014, pet. filed). The Eleventh Court properly looked at the totality of the circumstances[1] to consider the reasonableness *Id.*

---

[1] The Court of Appeals considered the possibility of additional charges being brought against Appellant, the evidence of the weight of the methamphetamine with packaging and then without packaging, and the fact that the methamphetamine had already been weighed twice. *See Hutchinson v. State,* No. 11-12-00124-CR, 2014 WL 2957398, at *4 (Tex. App.—Eastland June 26, 2014, pet. filed).

6

In his Amended Brief for Appellant filed in the Eleventh Court of Appeals and his Petition for Discretionary Review, Appellant relies on the fact that the defense attorney did not consult with a defense expert in order to conclude that the defense attorney's actions were not reasonable. *See Amended Brief for Appellant*, p. 17; *Petition for Discretionary Review*, pp. 4-5. However, no case law indicates that consultation with an expert is required in order to make a reasonable professional judgment.

Absent any case law indicating that consultation with an expert is required to make a reasonable professional judgment, Appellant is incorrect in claiming that the Court of Appeals decided this issue in a manner that conflicted with applicable decisions of the Court of Criminal Appeals and the Supreme Court. The Eleventh Court of Appeals cited the correct controlling legal principles and engaged in a thoughtful analysis of those legal principles.

The mere fact that Appellant disagrees with that application does not mean that the decision conflicts with controlling case law. Nor does Appellant's desire for this Court to expand the reasonableness prong of an ineffective assistance analysis to require consultation with an expert indicate that the Court of Appeals incorrectly applied controlling precedent.

Therefore, this Court should deny Appellant's petition for discretionary review.

## REPLY ISSUE TWO

In Issue Two, Appellant raises a new issue that was never presented to the Court of Appeals and that the Court of Appeals never decided. Appellant's primary argument in Issue Two is that his trial counsel's performance was deficient for failing to follow his client's express wishes about having the substance reweighed. *See Petition for Discretionary Review*, pp. 6-9.

Examination by this Court in response to a petition for discretionary review is limited to reviewing the actual decision of the Court of Appeals. *Farrell v. State*, 864 S.W.2d 501, 502 (Tex. Crim. App. 1993) (en banc). Rule 66.1 of the Rules of Appellate Procedure limit this Court's jurisdiction to only review of a court of appeals' "decision." Tex. R. App. P. 66.1.

Additionally, Appellant has requested review in Issue Two under Rule 66.3(b) of the Rules of Appellate Procedure. *See Petition for Discretionary Review*, p. 6. Rule 66.3(b) by its own terms also limits review to decisions of the court of appeals. Tex. R. App. P. 66.3(b) ("…the following will be considered by the Court in deciding whether to grant discretionary review… whether a court of appeals has *decided* an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals…" emphasis added).

In order to make sure that only "decisions" are reviewed, parties must provide the court of appeals with the first opportunity to resolve the issues associated with the appeal. *Farrell*, 864 S.W.2d at 503.

The Eleventh Court of Appeals did not make any decision on whether an attorney may refuse to conduct an independent pretrial investigation against a defendant's express wishes. *See Hutchinson v. State*, No. 11-12-00124-CR, 2014 WL 2957398, at *4 (Tex. App.—Eastland June 26, 2014, pet. filed); *Hutchinson v. State*, No. 11-12-00124-CR, 2014 WL 5529150, at *2 (Tex. App.—Eastland Oct. 9, 2014, pet. filed).

Nor did Appellant raise this issue for the Eleventh Court of Appeals to consider. Although Appellant did raise an ineffective assistance claim against his trial counsel, that claim was grounded only in the reasonableness of the strategic decision not to have the substance reweighed. *See Amended Brief for Appellant*, pp. 15-20. Appellant never structured his argument to present a claim that counsel was ineffective because counsel did not follow his client's wishes. *See Amended Brief for Appellant*, pp. 15-20. Although there is mention of Appellant's desire to have the substance reweighed, that reference is used to support a reasonableness analysis only. *See Amended Brief for Appellant*, p. 15 ("'The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions.'").

9

Additionally, Appellant never presented any arguments related to *Florida v. Nixon* or Professors Dix & Schmolesky in relation to his ineffective assistance for failure to investigate claim before the lower court. *See Amended Brief for Appellant,* pp. iv, vi, 15-20; *Motion for Rehearing*, p. 3.

Therefore, based on both Appellant's failure to specifically raise this argument in front of the Eleventh Court of Appeals and the lack of a decision by the Eleventh Court of Appeals to review on this issue, this Court should deny Appellant's petition for discretionary review.

## CONCLUSION

The State respectfully requests that the Court of Criminal Appeals deny Appellant's petition for discretionary review on both issues.

Respectfully Submitted,

/S/ELISHA BIRD
ELISHA BIRD, Assistant District Attorney
State Bar No. 24060339
200 S. Broadway, Brownwood, TX 76801
Tel: (325) 646-0444   Fax: (325) 643-4053

10

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Reply to Petition for Discretionary Review was emailed to Connie J. Kelley at warrentucker@grandecom.net on the  22nd day of December, 2014.

/S/ELISHA BIRD
ELISHA BIRD

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 2,343 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

/S/ELISHA BIRD
ELISHA BIRD

11