1263-16

PDR NO. 1263-16

ORIGINAL

IN THE

TEXAS COURT OF CRIMINAL APPEALS

AT AUSTIN, TEXAS

CARL ANTHONY WILSON,
APPELLANT-PETITIONER,

v.

THE STATE OF TEXAS,
APPELLEE-RESPONDENT

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 23 2016

Abel Acosta, Clerk

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FROM THE DECISION BY THE

TWELFTH COURT OF APPEALS IN TYLER, TEXAS ON

APPEAL NO. 12-16-00014-CR

FILED IN
COURT OF CRIMINAL APPEALS

Abel Acosta, Clerk

FILED BY:

CARL ANTHONY WILSON
PETITIONER, PRO SE
TDCJ # 2045989
ELLIS UNIT
1697 FM 980
HUNTSVILLE, TX 77343

# TABLE OF CONTENTS

Table of contents .............................. i

Identity of judge, parties and counsel .............................. ii

Index of authorities .............................. iii

Statement regarding oral argument .............................. iv

Statement of the case .............................. iv

Statement of procedural history .............................. iv

Argument .............................. 1

Ground for review .............................. 1

Whether the court of appeals erred in concluding that Petitioner failed to show that his trial counsel's performance prejudiced him.

Prayer .............................. 5

Certificate of service .............................. 5

Appendix(Court of Appeals opinion) .............................. v

i.

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

TRIAL JUDGE

Honorable Judge Christi Kennedy
114th Judicial District Court-Smith County
100 N. Broadway Ave. Rm. 212
Tyler, TX 75702

TRIAL COUNSEL-DEFENSE

Melvin Thompson
2108 S. Wall Ave.
Tyler, TX 75701
Bar No. 19950900

TRIAL COUNSEL-STATE

Jacob Putman
Smith County Asst. D.A.
100 N. Broadway Ave. 4th Floor
Tyler, TX 75702
Bar No. 24065929

Bryan M. Jiral
Smith County Asst. D.A.
100 N. Broadway Ave. 4th Floor
Tyler, TX 75702
Bar No. 24075502

APPELLATE COUNSEL-APPELLANT

Austin Reeve Jackson
305 S. Broadway, Ste. 700
Tyler, TX 75702
Bar No. 24046139

APPELLATE COUNSEL-STATE

Smith County District Attorney
Appellate Section
100 N. Broadway Ave.
Tyler, TX 75702

ii.

# INDEX OF AUTHORITIES

## CASES

Andrews v. State, 159 S.W.3d 98(Tex.Crim.App.2005) .................. 3

Bone v. State, 77 S.W.3d 828(Tex.Crim.App.2002) .................. 2

Branch v. State, 335 S.W.3d 893(Tex.App.-Austin 2011) ............. 3,4

Garcia v. State, 57 S.W.3d 436(Tex.Crim.App.2001) ................. 1

Hawkins v. State, 135 S.W.3d 72(Tex.Crim.App.2004) ............... 3,4

Roldan v. State, 739 S.W.2d 868(Tex.Crim.App.1987) ............... 5

Spriggs v. Collins, 993 F.2d 85(5th Cir.1993) ..................... 4

Strickland v. Washington, 446 U.S. 668(1984) ..................... passim

Taylor v. State, 911 S.W.2d 906(Tex.App.-Fort Worth 1995) ......... 4

Tong v. State, 25 S.W.3d 707(Tex.Crim.App.2000) ................... 1

## STATUTES

Tex. Code Crim. Pro. Art. 37.07 § 4 ............................. 2,3

## RULES

Tex. R. App. Pro. 66.3(a) ............................. 4,5

Tex. R. App. Pro. 66.3(f) ............................. 4,5

Tex. R. App. Pro. 68 ............................. iv

PDR NO. 1263-16

IN THE

TEXAS COURT OF CRIMINAL APPEALS

AT AUSTIN, TEXAS

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Carl Anthony Wilson, Appellant-Petitioner, pro se and files this petition for discretionary review pursuant to Tex. R. App. Pro. 68.

STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary. Should this Court determine that oral argument is necessary, Petitioner would then request oral argument.

STATEMENT OF THE CASE

Petitioner pled not guilty to the charge of Driving While Intoxicated ("DWI"), third or more, in the 114th Judicial District Court in Smith County, Texas. After a jury trial, Petitioner was found guilty and sentenced to 60 years imprisonment.

The court of appeals being presented one point of error, affirmed the judgment by determining that Petitioner's trial attorney's performance did not prejudice the defense. This petition challenges that determination.

STATEMENT OF PROCEDURAL HISTORY

Petitioner presented one point of error on appeal. Rejecting this point, the court of appeals affirmed the trial court judgment on September 21, 2016. There was no motion for rehearing or motion for en banc reconsideration filed in this case.

iv.

# ARGUMENT

**GROUND FOR REVIEW:** Whether the court of appeals erred in concluding that the Petitioner failed to show that his trial counsel's performance prejudiced him.(slip op. at 4).

Petitioner contends that the court of appeals erred in concluding that the Petitioner failed to show that his trial counsel's failure to object to improper jury argument by the state prejudiced him.

## A. STANDARD OF REVIEW

An appellant complaining of ineffective assistance must satisfy a two-prong test. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052(1984). Under the first-prong, the appellant must show that counsel's performance was "deficient." Id; Tong v. State, 25 S.W.3d 707,712(Tex.Crim.App.2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The appellant must show that "counsel's representation fell below an objective standard of reasonableness." Id at 688; Tong, 25 S.W.3d at 712. Absent evidence of counsel's reasons for the challenged conduct, we assume a strategic motivation if one can be imagined, and we will not conclude that challenged conduct is deficient unless it was so outrageous that no competent attorney would have engaged in it. Garcia, 57 S.W.3d 436,440 (Tex.Crim.App.2001).

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; Tong, 25 S.W.3d at 712. Prejudice requires a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Tong, 25 S.W.3d at 712. The appellant must establish both prongs by a preponderance of the evidence. Tong, supra.

Review of trial counsel's representation is highly deferential. Id. We

1.

indulge a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. The appellant bears the burden of overcoming the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Bone v. State, 77 S.W.3d 828,835(Tex.Crim.App.2002). The record on direct appeal is rarely sufficiently developed to fairly evaluate a claim of ineffectiveness. Id.

## B. DISCUSSION

The issue at bar is whether trial counsel's failure to object to the prosecutor's improper closing argument was ineffective assistance. Petitioner contends that it is.

When assessing punishment, a jury is entitled to consider the existence of parole law. Tex. Code Crim. Pro. Art. 37.07 § 4. A prosecutor may accurately restate the law given in the jury charge, including parole law, or ask the jury to consider that law when assessing punishment. Hawkins v. State, 135 S.W.3d 72,84(Tex.Crim.App.2004). However, " a jury is simply prohibited from considering how parole law and good time would be applied to a particular defendant." Id. Whether improper jury argument is harmful at the punishment phase of trial depends on the following: "(1) the severity of the misconduct(prejudicial effect), (2) curative measures, and (3) the likelihood of same punishment absent the misconduct." Hawkins, 135 S.W.3d at 77.

During closing arguments, the state made the following argument:

> In this case, if you assess a life sentence like we're asking, then after 15 years, he would be eligible for parole. And if he made parole, he would be on parole for the rest of his life. If you give him 60 years, he'll be eligible for parole at 15 years. And if he made parole, then he would be on parole until his 60-year sentence is done, whenever he's released. Similarly, whatever sentence you give, if he's eligible for parole and makes parole, then he'll be on parole until the sentence is completed.

2.

(RR8:103).

....

> If defense counsel's argument is correct that when [Appellant's] on parole he's not committing more crimes, then I think we would want him on parole for the rest of his life, because it's working.

(RR8:104).

....

> If you give him a life sentence, he's eligible at 15 years, But if he ever gets parole and gets out, we know for sure somebody's going to be supervising him every single day for the rest of his life, and that's the best you can do to make him stop.

(RR8:109).

The court of appeals in evaluating the issue, erroneously concluded that the majority of the state's argument focused on Petitioner's ability to make parole under various scenarios, as opposed to speculating about when he might actually be paroled.(Slip op. at 4). Petitioner contends that the prosecutor's arguments were improper, because they went well beyond merely explaining the parole-law portion of the jury charge.

The Austin Court of Appeals has addressed a similiar issue in Branch v. State, 335 S.W.3d 893(Tex.App.-Austin 2011). The Branch court found the argument improper, found trial counsel's failure to object deficient performance, and that the deficient performance prejudiced the defense. Id(quoting Andrews v. State, 159 S.W.3d 98,102(Tex.Crim.App.2005)).

In the instant case, the prosecution's violating Tex. Code Crim. Pro. Art. 37.07§ 4 is unduly prejudicial. There were no curative measures taken by the defense once the arguments were made. Given the factors as set forth in Hawkins, 135 S.W.3d at 77, the same punishment would not have been assessed absent the misconduct.

There can be no sound trial strategy in failing to object to this improper jury argument. Andrews, 159 S.W.3d at 102(finding counsel ineffective for fail-

3.

ing to object to improper argument). On that basis alone, the court of appeals opinion warrants review. Tex. R. App. Pro. 66.3(a),(f).

The court of appeals also gave an additional reason upon which it believed the jury could have found the 60 year sentence justified.(Slip op. at 4). It noted that the jury did not assess the life sentence as requested by the state.(Slip op. at 4).

The court of appeals fails to recognize that there is "... no practical difference in a 60 year sentence and a 99 year sentence." Taylor v. State, 911 S.W.2d 906,914(Tex.App.-Fort Worth 1995). That same rationale applies with equal force in the instant case, where the state sought a life sentence and Petitioner only got a 60 year sentence.

The jury was also made aware that whether they assessed Petitioner's punishment at 60 years or life, he would be eligible for parole in the same amount of time, as argued by the state in jury argument.(RR8:103). Given that there are no categorical or practical differences in a 60 year sentence when compared to a life sentence, the sentence was not justified.

Moreover, "... when the discretionary sentencing range is great, practically any error committed by counsel could have resulted in a harsher sentence, even if only by a year or two." Spriggs v. Collins, 993 F.2d 85,88(5th Cir. 1993). By allowing the jury to hear the prosecutor's jury argument without an objection, Petitioner's punishment was affected, especially considering that his 60 year sentence is the functional equivalent of a life sentence.

Under the circumstances of this case, the jury argument was harmful error. Hawkins, 135 S.W.3d at 77. Petitioner argues that he would have received a lesser sentence, but for his trial counsel's failure to object. Spriggs, 993 F.2d at88-90; Branch, 335 S.W.3d at 893. Review is warranted. Tex. R. App. Pro. 66.3(a),(f).

Since the argument is based on a question of law, and not a factual dis-

4.

pute with the court of appeals opinion, review is warranted. <u>Roldan v. State</u>, 739 S.W.2d 868(Tex.Crim.App.1987).

PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Court Grant the Petition For Discretionary Review. Petitioner prays for any other relief that is just and equitable under the circumstances. Petitioner prays for general relief.

Respectfully Submitted,

CERTIFICATE OF SERVICE

I hereby certify that the foregoing petition for discretionary review was delivered to prison authorities for mailing by U.S. Mail, postage pre-paid, first-class to the Texas Court of Criminal Appeals, Clerk of the Court, P.O. Box 12308, Austin, TX 78711-2308, State Prosecuting Attorney, P.O. Box 13046, Austin, TX 78711-3046 and the Smith County District Attorney, 100 N. Broadway Ave., Tyler, TX 75702 on this the _16_ day of December, 2016.

5.

# NO. 12-16-00014-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CARL ANTHONY WILSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Carl Anthony Wilson appeals from his conviction for driving while intoxicated. In one issue, he contends that he received ineffective assistance of counsel at trial. We affirm.

## BACKGROUND

Deputy Jason Railsback with the Smith County Sheriff's Office stopped Appellant for speeding. He testified that Appellant's vehicle smelled of alcohol, his speech was slurred, he had difficulty forming concise sentences, he appeared nervous, and he had glassy, bloodshot eyes. Railsback conducted field sobriety tests, which indicated that Appellant was intoxicated. A blood test revealed that Appellant's blood alcohol ratio was two times the legal limit, at 0.153. Appellant pleaded "not guilty" to felony driving while intoxicated. The jury found Appellant guilty and assessed punishment of imprisonment for sixty years.

## INEFFECTIVE ASSISTANCE

In his sole issue, Appellant contends that trial counsel rendered ineffective assistance by failing to object to the State's closing argument during the punishment phase of trial.

## Standard of Review and Applicable Law

An appellant complaining of ineffective assistance must satisfy a two-pronged test. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *see also*

*Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under the first prong, the appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The appellant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. Absent evidence of counsel's reasons for the challenged conduct, we assume a strategic motivation if one can be imagined, and we will not conclude that challenged conduct is deficient unless it was so outrageous that no competent attorney would have engaged in it. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. Prejudice requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. The appellant must establish both prongs by a preponderance of the evidence or the ineffectiveness claim fails. *Tong*, 25 S.W.3d at 712.

Review of trial counsel's representation is highly deferential. *Id.* We indulge a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The appellant bears the burden of overcoming the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). The record on direct appeal is rarely sufficiently developed to fairly evaluate a claim of ineffectiveness. *Id.* at 833.

## Facts

During closing arguments, the State made the following comments:

> In this case, if you assess a life sentence like we're asking, then after 15 years, he would be eligible for parole. And if he made parole, he would be on parole for the rest of his life. If you give

2

him 60 years, he'll be eligible for parole at 15. And if he made parole, then he would be on parole until his 60-year sentence is done, whenever he's released. Similarly, whatever sentence you give, if he's eligible for parole and makes parole, then he'll be on parole until the sentence is completed.

. . .

If [defense counsel's] argument is correct that when [Appellant's] on parole he's not committing more crimes, then I think we would want him on parole for the rest of his life, because it's working.

. . . .

If you give him a life sentence, he's eligible at 15 years. But if he ever gets parole and gets out, we know for sure somebody's going to be supervising him every single day for the rest of his life, and that's the best you can do to make him stop.

Appellant's trial counsel did not object to the State's argument.

In the punishment charge, the trial court instructed the jury as follows:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed or 15 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

It cannot be accurately predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

The charge also instructed the jury that "[s]tatements made by the lawyers are not evidence."

## Analysis

A jury is entitled to consider the existence of parole law when assessing punishment. TEX. CODE CRIM. PROC. ANN. art. 37.07 § 4 (West Supp. 2016). A prosecutor may accurately restate the law given in the jury charge, including parole law, or ask the jury to consider that law

3

when assessing punishment. *Hawkins v. State*, 135 S.W.3d 72, 84 (Tex. Crim. App. 2004). "[T]he jury is simply prohibited from considering how parole law and good time would be applied to a particular defendant." *Id.*; TEX. CODE CRIM. PROC. ANN. art. 37.07 § 4. Whether improper jury argument is harmful at the punishment phase of trial depends on the following factors: "(1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed)." *Hawkins*, 135 S.W.3d at 77.

Assuming, without deciding, that the State's argument was improper and trial counsel was deficient by failing to object, Appellant has not shown that such performance prejudiced his defense. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Tong*, 25 S.W.3d at 712. The majority of the State's argument focused on Appellant's eligibility for parole under various scenarios, as opposed to speculating about when Appellant might actually be paroled. *See Taylor v. State*, 233 S.W.3d 356, 359 (Tex. Crim. App. 2007); *see also Spencer v. State*, 460 S.W.3d 180, 187 (Tex. App.—Eastland 2015, pet. ref'd). The trial court instructed the jury in accordance with article 37.07 and further instructed that the attorneys' arguments are not evidence. We presume the jury followed the trial court's instructions, and the record does not indicate otherwise. *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003).

Additionally, when assessing Appellant's punishment, the jury could consider both evidence admitted at the guilt phase of trial and evidence of Appellant's prior criminal history, which included convictions for possession of marijuana, burglary of a habitation, and burglary of a vehicle. *See Fields v. State*, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999); *see also Rayme v. State*, 178 S.W.3d 21, 27 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3. Thus, even without the State's argument, the jury could have found that a sixty-year sentence is justified. Notably, the jury did not assess the life sentence requested by the State.

Under the circumstances of this case, we conclude that any improper argument by the State with regard to parole law was harmless. *See Hawkins*, 135 S.W.3d at 77. Appellant has failed to demonstrate a reasonable probability that, but for trial counsel's failure to object to the State's argument, the result of Appellant's punishment proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *see also Tong*, 25 S.W.3d at 712. We overrule Appellant's sole issue.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 21, 2016

### NO. 12-16-00014-CR

**CARL ANTHONY WILSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0948-15)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

arl Anthony Wilson # 2045989
:llis Unit
l091 FM 980
tuntsville, TX 77343

Texas Court of Criminal c
Clerk of the Court
P.O. Box 12308
austin, TX 78711-2308